**Alfonso ARANGO, also known as Arango Gomez, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–2570–ag.

United States Court of Appeals, Second Circuit.

Feb. 9, 2007.

Glenn T. Terk, Wethersfield, CT, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Assistant Director, Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Alfonso Arango, a native and citizen of Colombia, seeks review of a May 2, 2006 order of the BIA affirming the February 10, 2005 decision of Immigration Judge ("IJ") Michael W. Straus denying his application for asylum, withholding of removal and relief under the CAT. *In re Alfonso Arango*, No. A 78 391 482 (B.I.A. May 2, 2006), *aff'g* No. A 78 391 482 (Immig. Ct. Hartford, CT Feb. 10, 2005).

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's factual findings for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 156–58 (2d Cir.2006).

An alien is statutorily eligible to apply for asylum only if he "demonstrates by clear and convincing evidence that [his

asylum] application [was] filed within 1 year after the date of [his] arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). We lack jurisdiction to review an IJ's conclusion that the application was untimely or that the applicant failed to demonstrate exceptional circumstances justifying the untimeliness. *See* 8 U.S.C. § 1158(a)(3); *Xiao Ji Chen*, 434 F.3d at 151. Notwithstanding that provision, however, we retain jurisdiction to review constitutional claims and questions of law. "Questions of law" include matters of statutory and regulatory construction. *See Xiao Ji Chen*, 434 F.3d at 152–53; *Joaquin–Porras v. Gonzales*, 435 F.3d 172, 177–80 (2d Cir.2006).

As to the petitioner's asylum claim, the petitioner argues that the IJ erroneously interpreted the relevant regulation by requiring that the petitioner show that he had suffered serious injury, disability, or ineffective assistance of counsel. *See* 8 C.F.R. § 1208.4(a)(5). However, it is clear from our review of the record that the IJ did not limit the establishment of "extraordinary circumstances" to serious injury, disability, or ineffective assistance of counsel, but rather stated that those circumstances constitute a non-exhaustive list of examples of extraordinary circumstances. Because the IJ's interpretation of the governing law was not erroneous, we lack jurisdiction to consider his determination that the petitioner failed to establish "extraordinary circumstances" justifying his untimely filing.

█ As to the petitioner's withholding claim, Arango has not challenged the IJ's and BIA's denial of this claim in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived, and we will not address this claim on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005).

█ Finally, as to the petitioner's CAT claim, the IJ determined that "there [was]

no evidence in the record that the authorities in Colombia would subject the respondent to torture if the respondent had to return to Colombia." While the IJ erred in requiring the petitioner to establish that Colombian authorities would torture him, *see Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir.2004) ("[T]orture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it."), we need not remand if "the remand would be pointless because it is clear that the agency would adhere to its prior decision in the absence of error," *Xiao Ji Chen*, 434 F.3d at 161 (2d Cir. 2006). Here, the petitioner argues that the IJ should have considered the possibility that he would be tortured by the Revolutionary Armed Forces of Colombia (the "FARC"), but the IJ had already determined that the petitioner failed to present "sufficient evidence that the FARC would continue to target the [petitioner] if he had to return to Colombia." We hold that substantial evidence supports that determination because the petitioner failed to produce evidence that the FARC continued to target him or his family after it initially contacted him in 2000. We are therefore confident that on remand the IJ would deny the petitioner's claim that it is "more likely than not" that he would be tortured if he returned to Colombia. 8 C.F.R. 1208.16(c).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.